FILED
SUPERIOR COURT
OF GUAM

2020 NOV 25 AM II: 00

BY_____



# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| VLAD NAVASCA<br><br>Petitioner,<br><br>vs.<br><br>DEPARTMENT OF PUBLIC HEALTH AND SOCIAL SERVICES<br><br>GOVERNMENT OF GUAM,<br><br>Respondents. | **Superior Court Case No. SP0202-20**<br><br>**DECISION AND ORDER** |

Upon the conclusion of the evidentiary hearing on October 30, 2020, the Court issued a ruling from the bench in favor of Petitioner Vlad Navasca. The Court relieved Navasca of any quarantine obligation because his quarantine exceeded fourteen days and he posed no substantial risk of transmitting COVID-19. Since Department of Public Health and Social Services ("DPHSS") quarantined Navasca as a civilian resident of Guam as opposed to an incoming traveller, the Court also held that the case will remain open for thirty days to allow for the filing of petitions on behalf of similarly situated individuals. This Decision and Order memorializes the Court's ruling.

## I.   PROCEDURAL BACKGROUND

On October 29, 2020, Navasca petitioned for a writ of habeas corpus, pursuant to 48 USCA § 1421b(e) and (l), 8 GCA § 135.10, 7 GCA §§ 20301 and 30201, and Chapter 19 of Title 10 Guam Code Annotated. On October 30, 2020, the Court held a hearing on an Order to

ORIGINAL

Show Cause issued to Respondent DPHSS. DPHSS deferred to the Court on the Petition and did

not dispute the facts alleged in Navasca's Petition or those raised at the hearing. The Court also

incorporated evidence presented at a consolidated hearing involving related cases, including *Ikei*

*v. DPHSS*, SP0138-20. The Court therefore incorporates testimony and evidence heard before

the Court on September 17-19, 22-26, and 28-30, and October 1-3, 2020.

## II.    FINDINGS OF FACT

The Court makes the following findings of fact by a preponderance of the evidence:

1.  Navasca is a resident of Guam.

2.  On October 12, 2020, a member of Navasca's family tested positive for COVID-19 and

    DPHSS determined that Navasca came into contact with this family member.

3.  On the same day, Navasca entered quarantine separately from the family member that

    tested positive for COVID-19.

4.  On October 15, 2020, Navasca took a PCR test which came back negative on the same

    day.

5.  As of the hearing date, Navasca has been in quarantine for eighteen days and had not

    displayed any symptoms associated with COVID-19.

## III.   LAW AND DISCUSSION

Navasca argues that Respondents failed to undertake quarantine in strict compliance with

10 G.C.A. § 19605 and seeks an order releasing him from quarantine based on the lack of

evidence that he is a threat to public health. Since the inception of the COVID-19 government

quarantine in Guam, the Court has primarily heard Petitions regarding incoming passengers to

Guam. Navasca's petition represents the first time the Court considers the application of 10

GCA §§ 19604 and 19605 to the government quarantine of a civilian resident of Guam.



Sections 19604 and 19605 do not distinguish between the quarantine of individuals arriving to Guam from off island and individuals presently residing on island. Accordingly, the Court finds that sections 19604 and 19605 apply equally to both classes of individuals and that DPHSS is required to comply with the sections when quarantining civilian residents of Guam.

Here, DPHSS failed to comply with due process protections afforded by section 19605 when imposing a quarantine on Navasca. DPHSS did not adequately inform Navasca of the nature of his quarantine, his rights to challenge the quarantine, or his right to court-appointed counsel; rather, DPHSS verbally notified Navasca of a twenty-five day quarantine requirement. Ver. Pet. at 1. Furthermore, DPHSS did not petition the Court within ten days of quarantining Navasca.

DPHSS also failed to comply with the conditions and principles of quarantine under section 19604. Specifically, after Navasca's fourteenth day of quarantine--which is acknowledged as the maximum amount of time a person is infectious--he posed no risk, let alone a substantial risk, of transmitting COVID-19 to others if he in fact had an infection. Under section 19604(a)(5), DPHSS was required to immediately release him from quarantine on that 14th day.

## IV. CONCLUSION AND ORDER

DPHSS is ORDERED to release Vlad Navasca from the quarantine. All further requests for relief within this case must be filed by November 30, 2020. This case continues to remain open until November 30, 2020, in the event similarly situated individuals wish to seek relief within this proceeding.

ORIGINAL

SO ORDERED this 24th day of November 2020 *nunc pro tunc* to 30 October 2020.

**HON. ELYZE M. IRIARTE**
Judge, Superior Court of Guam

Appearing Attorneys:
Jacqueline Taitano Terlaje, Esq., and Assistant Public Defender John Morrison, Public Defender
     Services Corporation, for Petitioner Vlad Navasca
Assistant Attorneys General Joseph A. Perez, and Janice M. Camacho for Respondent
     Department of Public Health and Social Services


ORIGINAL